UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE BALTAS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:21cv436(MPS) |
| MUHAMET RIZVANI, ET AL.,<br>    Defendants. | :<br>:<br>: |

### RULING ON MOTION FOR RECONSIDERATION – ECF NO. 15

The plaintiff, Joe Baltas, is currently confined at Garner Correctional Institution in Newtown, Connecticut. He has filed a motion for reconsideration of the Court's order denying him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this civil rights action. For the reasons that follow, the motion for reconsideration is denied.

The standard applicable to a motion for reconsideration is strict. The Second Circuit has instructed district courts to grant a motion for reconsideration "only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (recognizing that the standard for granting a motion to reconsider "is strict and that reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.") (citation omitted).

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Brooks v. Aiden 0821 Capital LLC*, CV 19-6823

(GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020); *Rahimi v. Sec'y of Navy*, No. 3:19-CV-01852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). In exercising this discretion under section 1915(a), the district court must determine whether the burden of paying the fees for filing and service would either hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *Potnick v. Easter State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

In denying the plaintiff's motion to proceed *in forma pauperis*, the Court observed that his inmate account statement reflected total deposits of $120.00 to $660.00 to his account each month between July 1, 2020 and March 31, 2021. *See* ECF Nos. 3, 9. In particular, a $600.00 economic impact payment was deposited to his account on February 1, 2021. *See* ECF No. 9 at 4; ECF No. 1 at 1; ECF No. 2 at 1. Because no one was dependent upon the plaintiff for support and he is not responsible for room and board, the Court concluded that he had failed to demonstrate that he would have to forgo life's necessities if he paid the $402.00 filing fee.

The plaintiff contends that the Court overlooked the fact that his account balance was $119.58 when he filed this action. In support of this contention, he relies on a prison fund account statement for the period from March 1, 2021 to April 1, 2021. *See* ECF No. 16 at 2. Even if $119.58 constituted the balance in his account at the end of March 2021, it is clear from the prison fund account statement for the period from February 1, 2021 until March 1, 2021 that the plaintiff received a $600.00 deposit to his account on February 1, 2021, the date he signed the complaint and the application to proceed *in forma pauperis* and that he received another $60.00 deposit on February 3, 2021. *Id.* at 5. The only amount deducted towards a court filing fee in

connection with the $600.00 deposit was $61.60. *Id.* The plaintiff's complaint was received in the mail room at the Red Onion State Prison for mailing to this Court on March 23, 2021. *See* ECF No. 1-2.

"All litigants must make decisions about how to spend their money when they are contemplating litigation." *Brown v. Ruiz*, No. 3:20-cv-01202 (KAD), 2020 WL 6395480, at *1 (D. Conn. Nov. 2, 2020). The plaintiff chose to spend the $600.00 at least in part on items from the prison commissary and to purchase legal publications. *See* ECF No. 16 at 5. "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the in forma pauperis review would be a waste of time and effort." *Briand v. State of Fla.*, No. 4:06cv104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

The plaintiff had sufficient funds to pay the $402.00 filing fee in this case on the date that he signed the complaint and *in forma pauperis* application but chose to spend those funds on other things to render himself eligible for *in forma pauperis* status by the time he submitted the complaint to be mailed to the Court. The Court concludes that it did not overlook any information in determining whether the plaintiff would have to forgo any of life's necessities or forgo his pursuit of this action if he was required to pay the filing fee. *See. e.g.*, *Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to

that status based on their true net worth.'") (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)).

## Conclusion

The Motion for Reconsideration, [**ECF No. 15**], of the Order, [**ECF No. 13**], denying the plaintiff leave to proceed *in forma pauperis* is **DENIED**. The complaint will be deemed received by the Court on March 30, 2021, so long as the filing fee is submitted within the time allotted by this order. Accordingly, all further proceedings in the matter shall be held in abeyance for **twenty (20) days** pending the plaintiff's delivery of the filing fee in the amount of $402.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 450 Main Street, Hartford, Connecticut, 06103. Failure to tender the filing fee within twenty days of this order will result in the dismissal of this action.

**SO ORDERED** at Hartford, Connecticut, this 4th day of January 2022.

/s/
Michael P. Shea, U.S.D.J.