UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOE BALTAS, :
    *Plaintiff*, :
     :
v. : CIVIL ACTION NO.
     : 3:21cv436 (MPS)
RIZVANI, et al., :
    *Defendants*, :

**RULING ON MOTION FOR RECONSIDERATION
AND MOTION TO DISMISS**

The plaintiff, Joe Baltas, is an inmate in the custody of the Connecticut Department of Correction ("DOC"). He filed a civil rights complaint under 42 U.S.C. § 1983 against several DOC employees: Correctional Officers Muhamet Rizvani and Thomas Donahue, Lieutenant Megan Tyburski, Hearing Officer E. Tugie, Director of Offender Classification and Population Management Maiga ("OCPM Director Maiga"), then-Deputy Commissioner Angel Quiros, Captains Nathan Alexander, Darren Chevalier, and Gregorio Robles, Wardens Giuliana Mudano and Robert Bowies, and Commissioner Rollin Cook. On initial review, the Court permitted Baltas to proceed on his First Amendment retaliation claim against Rizvani; Eighth Amendment excessive force claim against Rizvani; Eighth Amendment excessive force claims against Donahue and Tyburski; Eighth Amendment deliberate indifference claims against Alexander and Tyburski; Eighth Amendment conditions of confinement claims against Chevalier, Robles, Mudano, Bowies, Quiros, and Cook; First Amendment claims based on access to topical reading materials against Chevalier, Robles, Mudano, Bowies, Quiros, and Cook; Eighth Amendment deliberate indifference to mental health needs claim against Chevalier, Mudano, and Bowies; and First Amendment free exercise claims against Chevalier, Robles, Mudano, Bowies, Quiros, and Cook. Initial Review Order ("IRO"), ECF No. 45.

Prior to the Court's closing this case administratively for settlement negotiations, Baltas moved for reconsideration of the Court's dismissal of his Fourteenth Amendment due process claims against Hearing Officer Tugie and OCPM Director Maiga arising from his Administrative Segregation status and lack of meaningful review for his Administrative Segregation status. Mot. for Recon., ECF No. 72. In addition, Defendants filed a motion to dismiss. ECF No. 64.[1]

The Court assumes familiarity with and incorporates herein the facts from its prior initial review order. ECF No. 45.

## I.     Motion for Reconsideration

A motion for reconsideration "generally will be denied unless the moving party can point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

### A.  Procedural Due Process Challenges to Administrative Segregation Status Decision

When an inmate has a liberty interest in remaining free from administrative segregation placement, prison officials must provide him with "'some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding'" the matter. *Proctor v. LeClaire*, 846 F.3d 597, 609 (2d Cir. 2017) (quoting *Hewitt v. Helms*, 459 U.S. 460, 474 (1983). So long as these requirements are met, and proceedings are held "within a

---

[1] This motion has been reclaimed by Defendants in a notice. ECF No. 93. Baltas filed his opposition to this motion. ECF No. 69. Accordingly, the Court now issues a ruling on this motion.

reasonable time following the inmate's transfer" to administrative segregation, "and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied." *Hewitt*, 459 U.S. at 476 n.8; *see also*, *Jordan v. Gifford*, 3:19-cv-1628, 2022 WL 3106965 at *27 (D. Conn. Aug. 4, 2022). The "'final Ad Seg decision may 'turn largely on purely subjective evaluations and on predictions of future behavior.'" *Proctor*, 846 F.3d at 609 (alteration omitted) (quoting *Hewitt*, 459 U.S. at 474).

Baltas challenges the Court's decision to dismiss his Fourteenth Amendment due process claims arising from his Administrative Segregation status on several grounds. Mot. for Recon., ECF No. 72. He asserts that the Court misinterpreted his due process claim as a complaint about a "premature" administrative segregation placement; failed to recognize that his complaint raised an inference that his Administrative Segregation status was predetermined as it was allegedly entered into the DOC computer system prior to the hearing; erroneously dismissed his claims based on introduction of "false information" and the lack of review of exculpatory evidence at the administrative hearing; failed to recognize that his Administrative Segregation status placement was not in compliance with, or authorized under, DOC's Administrative Directives; and erroneously determined that he had received adequate notice. *Id.* Thus, Baltas requests reconsideration of his "claims regarding his AS placement against Tugie and Maiga to proceed through discovery for further development on this record." *Id.* at 5.

The Court's initial review order recognized that a "preordained AS placement decision" or a hearing held as a mere formality does not comply with due process. IRO at 22 (noting Second Circuit had questioned the constitutionality of A/S review hearings that had the appearance of mere formalities) (citing *Proctor*, 846 F.3d at 613). The Court determined that

3

Baltas failed to allege factual allegations to support an inference that any defendant plausibly predetermined his or her respective recommendations, orders, and affirmations of his A/S placement. IRO at 22.

In his complaint, Baltas alleged that he was transferred to Northern Correctional Institution ("NCI") on A/S status (Compl. at ¶ 80); that Warden Mudano and Captains Chevalier and Robles stated that he was "staying in Northern C.I. on A/S status and that he 'already in the computer as A/S regardless of the hearing'" (*Id.* at ¶ 85); and that "his 'spending limit' was $25.00, the A/S spending limit, evidencing he was entered into the DOC computer system as A/S as this is the only way said limit happens." (*Id.* at ¶ 98). Baltas also alleges that Hearing Officer Tugie "used false information" to support her recommendation for his Administrative Segregation status without review of Plaintiff's exculpatory evidence; *id.* at ¶ 120; and that OCPM Director Maiga accepted her recommendation to place him on Administrative segregation status. *Id.* at ¶ 121.

Baltas argues, *inter alia*, that he alleged a due process violation arising from that fact that his Administrative Segregation status was determined and logged into the computer system prior to his Administrative Segregation status hearing. Mot. for Recon. at 2. He explains that his "claim is that he was in fact classified and entered into DOC databases as A/S prior to his hearing, evidenc[]ing not only a pre-determined outco[me], but a meaningless pro forma hearing." Reply at 1, ECF No. 98. His motion for reconsideration asserts that "at a minimum this creates the inference that the hearing was decided before it was held." Mot. for Recon. at 2.

The Court reconsiders its dismissal of Baltas's Fourteenth Amendment procedural due process claims. His allegations raise at least an inference that his hearing was a mere formality

4

and reflected a predetermined status; that his Administrative Segregation determination was not based on some evidence; and that he was not afforded an opportunity to present his views. Thus, Baltas may proceed against Tugie and Maiga in their individual capacities for a Fourteenth Amendment procedural due process violation.

The Court has considered Baltas's remaining challenges to its dismissal of his procedural due process claims and finds they do not meet the strict standard for reconsideration.

### B.     Lack of Meaningful Review of Administrative Segregation Status

Upon review, the Court determines that there is no basis to reconsider its decision to dismiss Baltas's due process claim based on lack of meaningful review of A/S status. IRO at 30-31. Accordingly, the motion for reconsideration is denied as to this ground for reconsideration.

### II.    Defendants' Motion to Dismiss

Defendants' motion to dismiss, ECF No. 64, argues for dismissal of the claims against Quiros, Chevalier, Robles, Mudano and Cook as being misjoined in this action.[2] Specifically, Defendants argue Baltas "has presented this Court with two actions melded into one" and "has sued HCC [Hartford Correctional Center] staff, including Defendants Rizvani, Tyburski, Donahue, and Alexander, for retaliation, excessive force, and deliberate indifference that has been alleged to have exclusively occurred at HCC around September 12, 2019," and "has sued several NCI officials and several other high-level DOC officials for alleged unconstitutional conditions of his confinement at NCI in the months after September 12, 2019." *Id.*

---

[2] Maiga was previously dismissed but not terminated from this action after initial review. This request for dismissal is now moot in light of the Court's determination that Fourteenth Amendment procedural due process claims should now proceed against Maiga.

Under the Federal Rules of Civil procedure, joinder of multiple defendants is only permitted in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." *See* Fed. R. Civ. P. 20(a)(2). "Rule 21 provides that a court 'may sever any claim against a party.' Fed. R. Civ. P. 21.

The decision whether to sever a claim 'is committed to the sound discretion of the trial court.'" *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 263 (D. Conn. 2012) (quoting *Greystone Cmty. Reinv. Ass'n v. Berean Capital, Inc.*, 638 F. Supp. 2d 278, 293 (D. Conn. 2009)). "Courts consider whether: (1) the claims arise out of the same transaction or occurrence; (2) the claims present some common question of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) prejudice would be avoided; and (5) different witnesses and documentary proof are required for the separate claims." *Id.*

Baltas's Eighth Amendment claims against the HCC Defendants and related Fourteenth Amendment claims against Tugie and Maiga do not arise from the same transactions or occurrences as his claims about Eighth Amendment violations arising from NCI conditions, First Amendment deprivation based on his inability to access to topical reading materials at NCI, Eighth Amendment violation based on deliberate indifference to his mental health at NCI, and First Amendment violation based on interference with his free exercise of religion at NCI. Thus joinder of all of his claims in one action is not warranted. Judicial economy would not be served by trying all of the claims together because different sets of evidence would need to be presented at trial or considered in settlement negotiations. Thus, Plaintiff's section 1983 claims against

Quiros, Chevalier, Robles, Mudano and Cook arising from conditions and conduct at NCI are not properly joined in this action, and the relevant factors favor severance and dismissal of these claims without prejudice. If Baltas wishes to pursue his section 1983 claims against Quiros, Chevalier, Robles, Mudano and Cook, he must do so in a separate action.

### III.     CONCLUSION

For the foregoing reasons, the Court enters the following orders:

(1) Baltas's motion for reconsideration [ECF No. 72] is GRANTED in part and DENIED in part.

The Court VACATES its prior dismissal of Baltas's asserted Fourteenth Amendment procedural due process violation by Defendants Tugie and Maiga arising from his allegations that his hearing was mere formality and reflected a predetermined status; that his Administrative Segregation determination was not based on some evidence; and that he was not afforded an opportunity to present his views. The motion for reconsideration is DENIED as to all other grounds for reconsideration.

(2) The clerk is instructed to REOPEN Defendants' motion to dismiss [ECF No. 64]. That motion to dismiss is GRANTED in part and DENIED in part. The motion is GRANTED as to Baltas's Section 1983 claims against Quiros, Chevalier, Robles, Mudano and Cook. All claims against Quiros, Chevalier, Robles, Mudano and Cook are SEVERED and DISMISSED without prejudice under Federal Rules of Civil Procedure 20 and 21. Baltas may pursue these Section 1983 claims in a separate action.

The motion to dismiss is DENIED as MOOT as to the argument for dismissal of Maiga.

(3) The clerk shall verify the current work addresses for Hearing Officer E. Tugie and OCPM Director David Maiga with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to them at their confirmed addresses within **twenty-one (21) days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The clerk shall mail a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(5) Defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. Defendants may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests should not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case.

SO ORDERED at Hartford, Connecticut this 25th day of September 2023.

                                                 /s/
                                         Michael P. Shea
                                         United States District Judge